UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
CASIMIRO MEDINA,                                          :
                                                         :
                                    Plaintiff,           :
                                                         :
               -against-                                 :
                                                         :
THE CITY OF NEW YORK; GASPAR SCIACCA,                    :
Individually and in His Official Capacity; MICHAEL       :
LiPETRI, Individually and in His Official Capacity;      :
SEAN McHUGH, Individually and in His Official            :
Capacity; ERIC HIRSCH, Individually and in His          :          **AMENDED COMPLAINT**
Official Capacity; DINO MASSENAT, Individually           :
and in His Official Capacity; TODD CRACCO,               :          **Jury Trial Demanded**
Individually and in His Official Capacity;               :
CHRISTOPHER SCHILLING, Individually and in              :                 ECF Case
His Official Capacity; HASSAN ELCI, Individually         :
and in His Official Capacity; SEKOU BOURNE,              :          10 Civ. 3158 (NGG) (RML)
Individually and in His Official Capacity; WANDA         :
CHALAR, Individually and in Her Official Capacity;       :
BRIAN McSWEENEY, Individually and in His                 :
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,        :
Individually and in Their Official Capacities (members   :
of the New York City Police Department whose names       :
are presently unknown to plaintiffs),                    :
                                                         :
                                    Defendants.          :
--------------------------------------------------------------------x

Plaintiff CASIMIRO MEDINA, by the undersigned counsel, respectfully alleges as follows:

## NATURE OF ACTION

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights secured by 42 U.S.C. § 1983 and the United States Constitution.   Plaintiff also asserts supplemental state law claims.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.      The Court has jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

5.      Plaintiff hereby demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff CASIMIRO MEDINA is, and was at all times relevant herein, a resident of Brooklyn, New York.

7.      Defendant CITY OF NEW YORK ("City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York.  The City maintains the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8.      Defendant GASPAR SCIACCA is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein,

2

defendant Sciacca was a detective assigned to Narcotics Borough Brooklyn North.  Defendant Sciacca is being sued in his individual and official capacities.

9.      Defendant MICHAEL LiPETRI is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  Defendant LiPetri is being sued in his individual and official capacities.

10.     Defendant SEAN McHUGH is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  Defendant McHugh is being sued in his individual and official capacities.

11.     Defendant ERIC HIRSCH is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Hirsch was a detective assigned to Narcotics Borough Brooklyn North.  Defendant Hirsch is being sued in his individual and official capacities.

12.     Defendant DINO MASSENAT is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  Defendant Massenat is being sued in his individual and official capacities.

13.     Defendant TODD CRACCO is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Cracco was a detective assigned to Narcotics Borough Brooklyn North.  Defendant Cracco is being sued in his individual and official capacities.

14.     Defendant CHRISTOPHER SCHILLING is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Schilling was a detective assigned to Narcotics Borough Brooklyn North.  Defendant Schilling is being sued in his individual and official capacities.

3

15.     Defendant HASSAN ELCI is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Elci was a detective assigned to Narcotics Borough Brooklyn North.  Defendant Elci is being sued in his individual and official capacities.

16.     Defendant SEKOU BOURNE is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Bourne was a detective assigned to Narcotics Borough Brooklyn North.  Defendant Bourne is being sued in his individual and official capacities.

17.     Defendant WANDA CHALAR is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Chalar was a detective assigned to Narcotics Borough Brooklyn North.  Defendant Chalar is being sued in her individual and official capacities.

18.     Defendant BRIAN McSWEENEY is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant McSweeney was a detective assigned to Narcotics Borough Brooklyn North. Defendant McSweeney is being sued in his individual and official capacities.

19.     All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD.  The Doe defendants are being sued in their individual and official capacities.

20.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties.  At all relevant times herein, the individual

4

defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

21.     At all relevant times herein, the individual defendants acted jointly and in concert with each other.  Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

22.     On Tuesday, December 29, 2009, at about 5:30 p.m., plaintiff was repairing the lock on the door to the apartment in which he rented a room at 162 Pulaski Street in Brooklyn, New York (Apartment No. 2L).  Another individual who rented a room in the same apartment was assisting plaintiff.  The door was open.

23.     Suddenly, defendants, led by defendant Sciacca, came up the stairwell, charged down the hallway, and rushed into the apartment, battering the open door into plaintiff.

24.     Defendant Sciacca threw plaintiff against one wall, threw plaintiff against another wall, and threw plaintiff face down on the floor.

25.     A defendant then thrust a fire extinguisher onto plaintiff's back, as plaintiff lay face down on the floor.

26.     Two defendants next jumped on plaintiff's back and stepped on his hands, as they entered the apartment.

27.     A defendant next handcuffed plaintiff behind his back, as plaintiff lay face down on the floor, cutting plaintiff's left hand in the process.  Plaintiff began to bleed profusely.

28.     Plaintiff pleaded with defendants to loosen the overly tight handcuffs.  Defendant Sciacca replied, in substance, "Shut the fuck up.  We don't give a fuck about you."

5

29.     Defendants then conducted a search of the apartment and all four individuals present in the apartment, including plaintiff, finding no contraband or weapons in the search.

30.     Defendants nonetheless arrested all four individuals present in the apartment, including plaintiff, and transported them to the 79th Precinct.

31.     At the 79th Precinct, defendants denied plaintiff's request for medical assistance, even though plaintiff was bruised and bleeding and stated that he was in extreme pain. Defendant Sciacca said to plaintiff, in substance, "Don't nobody give a fuck about you.  Just shut up and cooperate."

32.     At the 79th Precinct, defendant Sciacca directed plaintiff to remove all his clothing and squat.  Defendant complied with the order.  Defendant Sciacca then looked up plaintiff's anus with a flashlight.  Plaintiff did not consent to the strip search.

33.     Plaintiff and the three others arrested with him were held at the 79th Precinct for approximately four hours.  Sometime after 11:00 p.m., they were transported to NYPD Central Booking at 100 Centre Street in Manhattan.

34.     At NYPD Central Booking at 100 Centre Street in Manhattan, defendant Sciacca again directed plaintiff to remove all his clothing and squat.  Plaintiff complied with the order. Another defendant was present.  Plaintiff did not consent to the strip search.

35.     At about 7:00 p.m. on Wednesday, December 30, 2009, plaintiff and the three others arrested with him were released without charges.

36.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, property damage, deprivation of his liberty, and violation of his constitutional rights.

37.     Plaintiff timely served a notice of claim on defendant City on January 19, 2010. More than 30 days have passed since the service of the notice of claim. The City has made no adjustment or payment on plaintiff's claim. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

## FIRST CLAIM FOR RELIEF

### (Section 1983 False Arrest Claim)

38.     Plaintiff repeats and realleges paragraphs 1 through 37 with the same force and effect as if they were fully set forth herein.

39.     The individual defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Section 1983 Excessive Force Claim)

40.     Plaintiff repeats and realleges paragraphs 1 through 39 with the same force and effect as if they were fully set forth herein.

41.     The individual defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Section 1983 Unlawful Search Claim)

42.    Plaintiff repeats and realleges paragraphs 1 through 41 with the same force and effect as if they were fully set forth herein.

43.    The individual defendants, acting in concert and within the scope of their authority, conducted a search of plaintiff's home, person, and possessions without any probable cause to believe that plaintiff had committed any crime or offense, and without privilege or consent, in violation of plaintiff's right to be free from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH  CLAIM FOR RELIEF

### (Section 1983 Deliberate Indifference to Serious Medical Needs Claim)

44.    Plaintiff repeats and realleges paragraphs 1 through 43 with the same force and effect as if they were fully set forth herein.

45.    The individual defendants, acting in concert and within the scope of their authority, were deliberately indifferent to plaintiff's serious medical needs, causing him to suffer unnecessary infliction of pain, in violation of plaintiff's due process right to medical treatment in those circumstances under the Fourteenth Amendment to the United States Constitution.

## FIFTH  CLAIM FOR RELIEF

### (Section 1983 Strip Search Claim)

46.    Plaintiff repeats and realleges paragraphs 1 through 45 with the same force and effect as if they were fully set forth herein.

47.    The individual defendants, acting in concert and within the scope of their authority, conducted strip searches of plaintiff in the absence of individualized reasonable

8

suspicion that plaintiff possessed or was secreting any contraband or weapon at the time of the searches, in violation of plaintiff's right to be free from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Section 1983 Failure-to-Intervene Claim)

48.     Plaintiff repeats and realleges paragraphs 1 through 47 with the same force and effect as if they were fully set forth herein.

49.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other individual defendants, but failed to intervene to prevent the unlawful conduct, in violation of plaintiff's right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

### (Section 1983 Municipal Liability Claim)

50.     Plaintiff repeats and realleges paragraphs 1 through 49 with the same force and effect as if they were fully set forth herein.

51.     The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City of New York and the NYPD which are forbidden by the Constitution of the United States.

52.     The foregoing customs, policies, practices, procedures, rules, and usages included, but were not limited to, making arrests without probable cause to believe that the arrestees had committed any crime or offense and conducting strip searches in the absence of

9

individualized reasonable suspicion that the individuals being strip searched possessed or were secreting any contraband or weapon at the time of the searches.

53.     The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

> **Tracey Williams v. City of New York**, United States District Court, Southern District of New York, 10 CV 5000
>
> **Phillis Archipoli v. City of New York**, United States District Court, Eastern District of New York, 10 CV 1986
>
> **Caridad Quinones v. City of New York**, United States District Court, Eastern District of New York, 10 CV 1114
>
> **Tilas Jackson v. City of New York**, United States District Court, Southern District of New York, 09 CV 915
>
> **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604
>
> **Robert Graham v. City of New York**, United States District Court, Eastern District of New York, 08 CV 3518
>
> **Terrell Greaves v. City of New York**, United States District Court, Southern District of New York, 06 CV 5709
>
> **Joshua Weiner v. City of New York**, United States District Court, Southern District of New York, 06 CV 6058

54.     The City of New York has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants, to respect the constitutional rights of those individuals with whom members of the NYPD come in contact.

55.     The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

56.     The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

57.     The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## EIGHTH CLAIM FOR RELIEF

### (False Arrest Claim Under New York Law)

58.     Plaintiff repeats and realleges paragraphs 1 through 57 with the same force and effect as if they were fully set forth herein.

59.     Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, without a warrant, and without any authority to arrest and imprison plaintiff, in violation of the laws of the State of New York.

## NINTH CLAIM FOR RELIEF

### (Assault Under New York Law)

60.     Plaintiff repeats and realleges paragraphs 1 through 59 with the same force and effect as if they were fully set forth herein.

61.     Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact, in violation of the laws of the State of New York.

## TENTH CLAIM FOR RELIEF

### (Battery Under New York Law)

62.     Plaintiff repeats and realleges paragraphs 1 through 61 with the same force and effect as if they were fully set forth herein.

63.     Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent, in violation of the laws of the State of New York.

## ELEVENTH CLAIM FOR RELIEF

### (Unlawful Search Under New York Law)

64.     Plaintiff repeats and realleges paragraphs 1 through 63 with the same force and effect as if they were fully set forth herein.

65.     Defendants, acting in concert and within the scope of their authority, conducted a search of plaintiff's home, person, and possessions without any probable cause, privilege or consent, in violation of plaintiff's right to be free from unreasonable search under Article 1, Section 12 of the New York State Constitution.

## TWELFTH CLAIM FOR RELIEF

### (Deliberate Indifference to Serious Medical Needs Under New York Law)

66.     Plaintiff repeats and realleges paragraphs 1 through 65 with the same force and effect as if they were fully set forth herein.

67.     Defendants, acting in concert and within the scope of their authority, were deliberately indifferent to plaintiff's serious medical needs, causing plaintiff to suffer unnecessary infliction of pain, in violation of plaintiff's right to medical treatment in those circumstances under the laws of the State of New York.

## THIRTEENTH CLAIM FOR RELIEF

### (Unlawful Strip Search Under New York Law)

68.     Plaintiff repeats and realleges paragraphs 1 through 67 with the same force and effect as if they were fully set forth herein.

69.     Defendants, acting in concert and within the scope of their authority, conducted strip searches of plaintiff in the absence of individualized reasonable suspicion that plaintiff possessed or was secreting any contraband or weapon at the time of the searches, in violation of plaintiff's right to be free from unreasonable search under Article 1, Section 12 of the New York State Constitution.

### FOURTEENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

70.     Plaintiff repeats and realleges paragraphs 1 through 69 with the same force and effect as if they were fully set forth herein.

71.     Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct, in violation of the laws of the State of New York.

### FIFTEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

72.     Plaintiff repeats and realleges paragraphs 1 through 71 with the same force and effect as if they were fully set forth herein.

73.     Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct, in violation of the laws of the State of New York.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and several against all the defendants:

(A)     Compensatory damages in an amount to be determined at trial;

13

 

(B)    Punitive damages in an amount to be determined at trial;

(C)    Reasonable attorney's fees and costs of this litigation; and

(D)    Such other relief as this Court deems just and proper.

Dated:    Brooklyn, New York
December 29, 2010

Respectfully submitted,

Robert T. Perry

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410

Attorney for Plaintiff CASIMIRO MEDINA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CASIMIRO MEDINA,                                          :
                                                          :
                                        Plaintiff,        :
                                                          :
                              -against-                   :
                                                          :
THE CITY OF NEW YORK; GASPAR SCIACCA,                     :
Individually and in His Official Capacity; MICHAEL        :
LiPETRI, Individually and in His Official Capacity;       :
SEAN McHUGH, Individually and in His Official             :
Capacity; ERIC HIRSCH, Individually and in His           :
Official Capacity; DINO MASSENAT, Individually            :       10 Civ. 3158 (NGG) (RML)
and in His Official Capacity; TODD CRACCO,                :
Individually and in His Official Capacity;                :
CHRISTOPHER SCHILLING, Individually and in                :
His Official Capacity; HASSAN ELCI, Individually          :
and in His Official Capacity; SEKOU BOURNE,               :
Individually and in His Official Capacity; WANDA          :
CHALAR, Individually and in Her Official Capacity;        :
BRIAN McSWEENEY, Individually and in His                  :
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,         :
Individually and in Their Official Capacities (members    :
of the New York City Police Department whose names        :
are presently unknown to plaintiffs),                     :
                                                          :
                                        Defendants.       :
------------------------------------------------------------------------x

## AMENDED COMPLAINT

ROBERT T. PERRY
Attorney for Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410