UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

CASIMIRO MEDINA,

                         Plaintiff,

-against-

THE CITY OF NEW YORK; GASPAR SCIACCA, Individually and in His Official Capacity; MICHAEL LiPETRI, Individually and in His Official Capacity; SEAN McHUGH, Individually and in His Official Capacity; ERIC HIRSCH, Individually and in His Official Capacity; DINO MASSENAT, Individually and in His Official Capacity; TODD CRACCO, Individually and in His Official Capacity; CHRISTOPHER SCHILLING, Individually and in His Official Capacity; HASSAN ELCI, Individually and in His Official Capacity; SEKOU BOURNE, Individually and in His Official Capacity; WANDA CHALAR, Individually and in Her Official Capacity; BRIAN McSWEENEY, Individually and in His Official Capacity; and JOHN/JANE DOES, Nos. 1-10, Individually and in Their Official Capacities (members of the New York City Police Department whose names are presently unknown to plaintiffs),

                         Defendants.
---------------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 13 2011 ★
BROOKLYN OFFICE

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CV 3158 (NGG)(RML)

        **WHEREAS**, plaintiff commenced this action by filing a complaint on or about July 12, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

...

1. The above-referenced action is hereby dismissed against defendants The City of New York, Gaspar Sciacca, Michael LiPetri, Eric Hirsch, Dino Massenat, Todd Cracco, Hassan Elci, Sekou Bourne, Sean McHugh, Christopher Schilling, Wanda Chalara, Brian McSweeney, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff CASIMIRO MEDINA the sum of THIRTY THOUSAND ($30,000.00) DOLLARS, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants, The City of New York, Gaspar Sciacca, Michael LiPetri, Eric Hirsch, Dino Massenat, Todd Cracco, Hassan Elci, Sekou Bourne, Sean McHugh, Christopher Schilling, Wanda Chalara, Brian McSweeney, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the

State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

4

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       May 6, 2011

Robert T. Perry, Esq.
Attorney for Plaintiff
45 Main Street, Suite 230
New York, NY 11201

By: *Robert T. Perry*
    Robert T. Perry, Esq.
    *Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Rm. 3-141
New York, New York 10007

By: *Max McCann*
    ~~Meghan Cavalieri~~ Max McCann
    Assistant Corporation Counsel

So ordered.
s/Nicholas Garaufis
5/12/11

5